OPINION
On June 9, 1995, appellee, the Ashland County Department of Human Services, filed a complaint alleging Christopher Miller, born July 24, 1979, to be a dependent child. Mother of Christopher is appellant, Elizabeth Miller, and father is David Terrell. Said complaint stemmed from a suicide attempt by Christopher and appellant's alleged refusal to cooperate with Christopher's doctors.
An adjudicatory hearing was held on August 25, 1995. By judgment entry filed September 1, 1995, the trial court found Christopher to be a dependent child. A dispositional hearing was held on September 1, 1995. By judgment entry filed September 6, 1995, the trial court granted appellee temporary custody of Christopher, and ordered the parties to follow the case plan filed on July 7, 1995.
On May 30, 1997, appellee placed Christopher with his father. Christopher remained in appellee's custody until his eighteenth birthday, July 24, 1997. Appellee's custody was terminated by judgment entry filed August 6, 1997.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED AN EXTENSION OF TEMPORARY CUSTODY FOR A DEPENDENT CHILD WHERE; (1) THE ORIGINAL COMPLAINT WAS SO VAGUE AS TO MERELY ELUDE TO THE LIVING CONDITIONS AS BEING UNSTABLE; (2) THE ONLY TESTIMONY RESPECTING THE CONDITIONS IN THE HOME WERE HEARSAY, AND (3) THERE BEING ABSENT EVIDENCE OF INCAPACITY OF THE MOTHER INITIALLY AND THROUGHOUT THE PROCEEDINGS.
II
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING MOTHER'S MOTION TO RETURN TO HER THE CHILD, WHERE THE DECISION TO DENY THE MOTHER'S MOTION WAS BASED SOLELY ON IT'S PREVIOUS ORDER GRANTING AN EXTENSION OF THE TEMPORARY CUSTODY ORDERS TO THE STATE INSTEAD OF ADDRESSING ISSUES RAISED IN THE MOTION WHICH INCLUDED ALLEGATIONS OF FRAUD UPON THE COURT.
III
 THE TRIAL COURT ERRED AS MATTER OF LAW BY REFUSING TO SCHEDULE A SEPARATE AND IMMEDIATE HEARING FOR EMERGENCY PROTECTIVE ORDERS FOR MORE THAN FIVE MONTHS WHEN CONTAINED IN THE COMPLAINT AND EX PARTE ORDERS WERE ALLEGATIONS THE CHILD WAS ENDANGERED, BEING NEGLECTED AND DELINQUENT.
IV
 TRIAL COURT ERRED AS MATTER OF LAW WHEN IT GRANTED PHYSICAL CUSTODY OF THE CHILD TO THE FATHER DESPITE REPEATED WARNINGS FROM THE MOTHER RESPECTING THE CHILD'S WELFARE SHOULD CUSTODY BE GIVEN TO THE CHILD'S FATHER OR ANY FAMILY MEMBER OF THE CHILD'S FATHER. SIX MONTHS AND NINE DAYS AFTER CUSTODY WAS GIVEN TO THE FATHER, THE CHILD DIED.
 I, II, III, IV
Appellant's four assignments of error challenge the trial court's rulings on temporary custody, emergency protective orders and the placing of Christopher with his father. The trial court's final entry was journalized on August 6, 1997 terminating appellee's temporary legal custody of Christopher as Christopher had reached the age of majority (eighteen years of age) and was therefore emancipated. Tragically, Christopher is now deceased.
Although this case has a long and tragic history (June 9, 1995 to August 6, 1997), and the notice of appeal was timely filed on the trial court's July 3, 1997 judgment entry,[1] the issues sub judice are now moot because of Christopher's emancipation and subsequent death. Appellant would not be either benefited or harmed by any decision on appeal. It is not the duty of this court to answer moot questions, and when, "pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error." Statev. Porter, et al. (May 4, 1987), Licking App. No. CA-3253, unreported, citing Miner v. Witt (1910), 82 Ohio St. 237.
Assignments of Error I, II, III and IV are moot.
The judgment of the Court of Common Pleas of Ashland County, Ohio, Juvenile Division is hereby dismissed.
Farmer, P.J. Gwin, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio is dismissed.
[1] Said judgment entry extended appellee's temporary custody for six months, denied appellant's request to terminate temporary custody and dismissed a "complaint" filed by appellant.